# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| TAFT REDD | * | |
|---|---|---|
| Petitioner, | * | Civil No.: RDB-18-2799 |
| v. | * | Criminal No.: RDB-16-026 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Petitioner Taft Redd ("Petitioner" or "Redd") is serving a 120-month sentence in the custody of the United States Bureau of Prisons ("BOP") after pleading guilty before this Court to conspiracy to one count of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951. (Indictment, ECF No. 1; Plea Agreement, ECF No. 17; Judgment, ECF No. 25.) Pending before this Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence was improperly enhanced because Hobbs Act Robbery is not a crime of violence. (ECF No. 32.) Redd contends that his sentence is unlawful in light of *United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276 (2013). Also pending are Petitioner's Motion for Attorney Representation (ECF No. 33), and Petitioner's Motion Pursuant to Federal Rule of Criminal Procedure 36, which asks this Court to amend a claimed error in the computation of his sentence (ECF No. 40). This Court has reviewed the parties' submissions and no hearing is necessary. *See* Local Rule

1

105.6 (D. Md. 2018). For the reasons below, Petitioner Redd's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 32) is DENIED, Petitioner Redd's Motion for Attorney Representation (ECF No. 33) is DENIED AS MOOT, and Petitioner Redd's Motion Pursuant to Federal Rule Criminal Procedure 36 (ECF No. 40) is DISMISSED without prejudice.

## BACKGROUND

On January 28, 2016, a federal grand jury in Maryland returned an indictment charging Petitioner Redd with six counts of committing Hobbs Act Robbery in violation of 18 U.S.C. § 1951, and one count of attempted commission of Hobbs Act Robbery in violation of 18 U.S.C. § 1951. (Indictment, ECF No. 1.) The statement of facts set forth in Petitioner's Plea Agreement describes six additional Hobbs Act robberies committed by Petitioner in less than one month. (*Id.*) Twice on July 22, 2015, once on July 29, 2015, once on August 12, 2015, once on August 16, 2015, and once on August 18, 2015, Redd used what looked like a black handgun to forcibly steal U.S. currency valued over approximately $4,227 from various businesses engaged in the retail sale of consumer products obtained from vendors outside the state of Maryland.[1] (Plea Agreement, ECF No. 17 at 4–5; Presentence Report, ECF No. 20.) On several of these occasions, Redd stole magazines, cigarettes, and other merchandise in addition to the currency taken from the establishments. (*Id.*) All six robberies occurred in Baltimore, Maryland. (*Id.*) On August 19, 2015, Redd was arrested and found in possession of a black BB gun, an object that witnesses identified as the weapon used in the six robberies.

---

[1] The amount of U.S. currency taken from two of three establishments, Shoe City and McDonalds, was confirmed. (ECF No. 20 at 20.) The amount of currency taken from Royal Farms store was listed as "TBD" in Petitioner's Presentence Report. (*Id.*)

2

(*Id.*) Although the weapon used in each robbery was not a firearm,[2] Redd nevertheless expressed to cashiers: "Hurry up or I'm going to shoot you" and "You all are playing, I'm going to start shooting," and he never failed to expose his BB gun at each robbery. (*See* Plea Agreement, Count One and Count Six, ECF No. 17.)

Following his indictment, on September 8, 2016, Petitioner signed a Plea Agreement, through which he pleaded guilty to Count One of the original indictment. (Plea Agreement, ECF No. 17.) Pursuant to the Plea Agreement, Redd and the Government stipulated that the applicable base offense level under the United States Sentencing Guidelines for the robbery charged in Count One was 20. (*Id.* at ¶ 6.b (citing U.S.S.G. § 2B3.1(a).) However, because the parties stipulated to the fact that Petitioner brandished or possessed a dangerous weapon, the offense level for Count One was 23. (*Id.* citing U.S.S.G. § 2B3.1(b)(2)(E).) The offense level was raised by an additional five levels—to 28—because Petitioner admitted to the conduct charged in Counts Two through Six of the indictment. (*Id.* citing U.S.S.G § 1B1.2(c) and § 3D1.4(a).) Ultimately, the parties agreed that the anticipated final base level offense was 25, due to Petitioner's acceptance of personal responsibility for his criminal conduct and his timely notification of his intent to plead guilty. (*Id.* citing U.S.S.G. § 3E1.1(b).) The parties stipulated that Petitioner's criminal history category is VI. (Statement of Reasons, ECF No. 26.) Pursuant to Petitioner's Plea Agreement and the Sentencing Reform Act of 1984, as modified by *United States v. Booker*[3] on November 9, 2016, this Court sentenced Petitioner to 120 months

---

[2] 18 U.S.C. § 921(a)(3) (2019) ("The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm.").
[3] 543 U.S. 220 (2005).

3

imprisonment and 3 years supervised release.[4] (Plea Agreement, ECF No. 17; Judgment, ECF No. 25; Statement of Reasons, ECF No. 26.) Petitioner did not appeal the judgment.

On September 10, 2018, Petitioner filed the pending Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, arguing that (1) he was erroneously sentenced as a career criminal offender with a base offense level 32, and (2) that a conviction under Hobbs Act Robbery is not a crime of violence, and therefore, Petitioner's sentence should be reduced. (ECF No. 32.) On the same day, Petitioner also filed the pending Motion for Attorney Representation. (ECF No. 33.) The Government's Response (ECF No. 39) contended, among other things, that the § 2255 petition was untimely because it had been filed over one year after the Judgment of this Court became final on November 23, 2016. On May 20, 2019, Petitioner filed a Motion Pursuant to Federal Rule of Criminal Procedure 36 (ECF No. 40) arguing that his jail credit was not properly included in his Sentence Monitoring Computation Data Form. Petitioner asks this Court to review the computation of his sentence. (*Id.*)

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 F. App'x 141, 142 (4th Cir. Oct. 5, 2017) (per curiam) (unpublished) (citing *Erickson* for the proposition that "[p]ro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers"). Under 28 U.S.C. § 2255, a prisoner in custody

---

[4] Judge Marvin J. Garbis of this Court presided over Redd's plea and sentencing. This case was subsequently reassigned to the undersigned Judge Richard D. Bennett upon Judge Garbis's retirement from this Court.

4

may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). When seeking relief under 28 U.S.C. § 2255, a petitioner bears the burden of proving his or her grounds for collateral relief by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant shows cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

## ANALYSIS

### I. Petitioner's § 2255 Motion is Barred by the Statute of Limitations

Petitioner Redd's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 fails because it is untimely. Under § 2255(f), a one-year period of limitations runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

5

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because Petitioner has not shown that the limitations period should run according to § 2255(f)(2)-(4), the final date on which Petitioner could file his § 2255 motion was one year after the judgment of his conviction became final. *See* § 2255(f)(1). When a prisoner fails to submit a timely appeal, his sentence becomes final within fourteen (14) days of his sentencing. *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001). Petitioner's Judgment of Conviction became final on November 23, 2016 (14 days after his November 9, 2016 sentencing), and the relevant limitations period expired on November 23, 2017. Petitioner's § 2255 motion was filed on September 10, 2018, nine (9) months and eighteen (18) days after the end of the limitations period. Accordingly, the motion is untimely.

## II. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence and Petitioner's Motion Pursuant to Federal Rule of Criminal Procedure 36 Fail on the Merits

Even if Petitioner Redd's § 2255 motion was timely, it would fail because the record confirms that Petitioner was not sentenced as a career criminal. Additionally, this Court must deny Petitioner's motion seeking the correction of an alleged sentence miscalculation because Petitioner has not indicated that he has exhausted all available administrative remedies regarding his concern. Furthermore, if Petitioner exhausts all administrative remedies, he must then challenge the computation of his sentence pursuant to 18 U.S.C. § 2241 in the district of

6

confinement and not the sentencing court. *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).

## A. Petitioner Was Not Sentenced as a Career Offender

In his § 2255 Motion, Petitioner Redd contends that he was erroneously sentenced as a career criminal offender, arguing that a conviction for Hobbs Act Robbery is not a predicate offense for career criminal sentence enhancement. (ECF No. 32 at 2.) Petitioner cites *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276 (2013), and *United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018) to argue that Hobbs Act Robbery is not a predicate offense for sentence enhancement due to a career offender designation.[5] However, because Petitioner's sentence was not enhanced pursuant to a career offender designation, the cases cited are inapplicable, and this Court need not decide whether Hobbs Act Robbery is a predicate offense under the force clause of the November 1, 2016 definition of "crime of violence" resulting in a sentence enhancement under the United States Sentencing Guidelines.

---

[5] In n. 5 of its Response to Petitioner's § 2255 Motion, the Government cites *United States v. Brown*, 728 F. App'x 614, 619 n. 3 (9th Cir. 2018), *Tobias v. United States*, No. 3:16-CV-1092-MPS, 2017 WL 3585336, at *7 (D. Conn. Aug. 18, 2017), *Rudd v. United States*, No. 3:08-CR-172-TAV-CCS-1, 2017 WL 280714, at *3 (E.D. Tenn. Jan. 19, 2017), *Blackstone v. United States*, No. 2:16-CV-3872-CAS, 2016 WL 7469579, at *6 (C.D. Cal. Dec. 27, 2016) to argue that courts outside of this circuit have expressly held that Hobbs Act Robbery is a crime of violence for the purposes of U.S.S.G. §4B1.2. Each of these cases refer to the convictions and sentences rendered before the amended definition of "crime of violence" under U.S.S.G. § 4B1.2 took effect on November 1, 2016. Here, Petitioner was sentenced on November 9, 2016, so the definition of "crime of violence" under U.S.S.G. § 4B1.2 used in *Brown, Tobias, Rudd, and Blackstone* is inapplicable to this case. Likewise, the Government also cites this Court's decision in *Fleming v. United States*, No. CR RDB-14-0400, 2018 WL 6394502, at *5 (D. Md. Dec. 6, 2018), which indeed proceeded with the assumption that Hobbs Act Robbery is a crime of violence under the United States Sentencing Guidelines. However, the definition of "crime of violence" employed in that decision was the earlier definition of crime of violence, rendering it inapplicable to this case.

7

Petitioner cites his Offense Level Computation as follows: (1) pursuant to U.S.S.G. § 2b3.1(a), Petitioner's base level offense for violation of 18 U.S.C. § 1951 (Hobbs Act Robbery) is 20; (2) pursuant to U.S.S.G. § 2B3.1(b)(2)(E), the offense level was increased by 3, from 20 to 23, because during the commission of the robbery, Petitioner brandished a dangerous weapon; (3) pursuant to U.S.S.G. § 1B1.2(c) and § 3D1.4, the offense level was increased by 5, from 23 to 28, because Petitioner stipulated that he committed the conduct summarized in Counts Two through Six of the indictment; (4) pursuant to 18 U.S.S.G. § 4B1.1, the offense level was increased by 4, from 28 to 32, because Petitioner was designated as a career criminal offender. (ECF No. 32 at 1-2.) Petitioner claims that he was sentenced with a total offense level of 32. (*Id.* at 2.) His claim is incorrect. A review of the case record plainly shows that Petitioner's total offense level was 25, due in part to this Court's removal of the career criminal offender finding in Petitioner's Statement of Reasons. (ECF No. 26.)

Petitioner's account of his Offense Level Computation is accurate, but substantially incomplete. Petitioner omits from his § 2255 Motion all instances of deductions computed into his total offense level. Namely, (1) Petitioner omits the offense level decrease by 2, from 32 to 30, for demonstrating acceptance of responsibility for commission of the offense; (2) Petitioner omits the offense level decrease by 1, from 30 to 29, for assisting authorities in the investigation or prosecution of Petitioner's own misconduct by timely notifying authorities of the intention to enter a guilty plea. (Plea Agreement, ECF. No. 17 at 6; Presentence Report, ECF No. 20 at 8). Most relevant to Petitioner's Motion, however, is that the offense level was reduced by 4, from 29 to 25, because this Court removed the Presentence Report finding that Petitioner was a career offender under §4B1.1 "because the Government did not seek the

adjustment and *Johnson* issues were raised." (ECF No. 26 at 1.) The Plea Agreement and Statement of Reasons for the Judgment affirm that Petitioner's sentence was agreed to be based on a total offense level of 25—not 32. (Plea Agreement, ECF. No. 17 at 6; Statement of Reasons, ECF No. 26 at 1.) Therefore, Petitioner was not sentenced as a career offender.

Petitioner Redd's sentence of 120 months incarceration and 3 years supervised release falls within the guideline range established by the Sentencing Reform Act of 1984 as modified by *United States v. Booker*, 543 U.S. 220 (2005). (Judgment, ECF No. 25.) The guideline range for a total offense level of 25 and criminal history of VI is 110 – 137 months. *See* U.S.S.G. § 5G1.1 and § 5G1.2. Accordingly, Petitioner's 120-month sentence is appropriate.

Further, when parties agree to a specific sentence pursuant to Rule 11(c)(1)(C), and the district court accepts and imposes that sentence, a defendant may only appeal if the sentence is imposed "in violation of the law" or is an "incorrect application of the sentencing guidelines." *United States v. Keller*, 252 F. App'x. 243 (2013) (citing *United States v. Sanchez*, 143 F.3d 796, 797 & n. 1 (10th Cir. 1998) and *United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005)). Here, Petitioner and the Government stipulated, pursuant to Rule 11(c)(1)(C), that 120 months incarceration "is the appropriate disposition of th[is] case" and this Court accepted and imposed the agreed-to sentence. (Plea Agreement, ECF No. 17 at 6–7; Judgment, ECF No. 25.) As established above, Petitioner's 120-month sentence is lawful and falls within the guideline range. Petitioner simply received the sentence he bargained for.

### B. Petitioner's Motion for this Court to Review the Computation of his Sentence is Premature

Petitioner's Motion Pursuant to Federal Rule Criminal Procedure 36 (ECF No. 40) asks this Court to review and correct an alleged error in Petitioner's Sentence Monitoring Computation Data Form. Such a review is untimely.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. Proc. 36. Petitioner's request does not concern a clerical error in the Judgment. Instead, Petitioner asks this court to amend the manner in which his sentence is executed, which is appropriately a general habeas § 2241 motion. *Miller*, 871 F.2d at 490 n. 3; *see* 28 U.S.C. § 2241(a). Regardless of the label assigned to a motion by a litigant, the subject matter of the motion determines its status. *Calderon v. Thompson*, 523 U.S. 538, 553 (1998). Therefore, although Petitioner filed a Motion Pursuant to Federal Rule of Criminal Procedure 36, this Court construes Petitioner's correspondence as a 28 U.S.C. § 2241 petition for habeas relief, seeking to challenge the execution (length and duration) of his sentence.

Petitioner Redd has a right to certain jail-time credit under 18 U.S.C. § 3585(b), which provides:

> (b) Credit for prior custody.-- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

10

18 U.S.C.A. § 3585(b) (2019). The Supreme Court of the United States has held that the Attorney General, through the Federal Bureau of Prisons ("BOP"), is the party required to compute credit after a federal prisoner begins to serve his sentence since the BOP has the responsibility of administering the sentence. *United States v. Wilson*, 503 U.S. 329, 335, 112 S. Ct. 1351 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed.")); *United States v. Lominac*, 144 F.3d 308, 317 (4th Cir. 1998) (confirming the holding in *Wilson* that a district court is not authorized under § 3585(b) to compute credit for time spent in official detention at sentencing)).

Given the responsibility granted to it by 18 U.S.C. § 3621(a) and 18 U.S.C. § 3585(b), the BOP has established procedures and guidelines for determining jail-credit available to prisoners. Petitioner's specific request—administrative review of the computation of his credits—may be addressed through such procedures. *Wilson*, 503 U.S. at 335-36. (referencing 28 C.F.R. §§ 542.10–16) (detailed below)). Petitioner Redd must exhaust the BOP's administrative remedy procedures before seeking a review of the computation of his sentence in federal court. Although § 2241 does not contain a statutory exhaustion requirement, courts consistently hold that a petitioner is required to exhaust his administrative remedies before filing a writ of habeas corpus. *See, e.g., Gibson v. Apker*, No 5:13-HC-2047-FL, 2014 WL 457697 (E.D.N.C. Feb. 4, 2017) (holding that a petitioner was required to exhaust all administrative remedy procedures before requesting that the district court review his challenge of his federal sentence); *Wright v. Warden, FCI–Cumberland*, RDB-10-671, 2010 WL 1258181 (D. Md. Mar.

11

24, 2010) (holding that a petitioner could not challenge the execution (length and duration) of his sentence in federal court before exhausting all administrative remedy procedures).

The BOP has a four-step administrative remedy procedure for contesting the computation of sentences. First, an inmate must present his issue to prison staff through an informal resolution, and the staff are to attempt to informally resolve the issue. *See* 28 C.F.R. § 542.13. If the informal resolution is unsuccessful, an inmate may then submit a formal written administrative remedy request to the warden by completing a BP-9 form. *See* 28 C.F.R. § 542.14. If an inmate is not satisfied with the warden's response, the inmate may submit an Appeal by completing a BP-10 form. *See* 28 C.F.R. § 542.14. Finally, if an inmate is not satisfied with the warden's response to his appeal, the inmate may appeal to the BOP's regional director by completing a BP-10 form, and then to the BOP's General Counsel by completing a BP-11 form. *See* 28 C.F.R. § 542.15.

In this case, Petitioner has not shown that he sought an administrative remedy through informal resolution, formal written remedy request, or the completion of BP-9, BP-10, or BP-11 forms. Therefore, this Court shall DISMISS without prejudice Petitioner's request to review the computation of his jail credit.

Further, Petitioner's challenges to his computation of sentence must be filed in the district of incarceration. The United States Court of Appeals for the Fourth Circuit has held that a request for jail credit "attacks the computation and execution of the sentence rather than the sentence itself." *Miller*, 871 F.2d at 490. Therefore, such petitions must be brought in the district of confinement and not in the sentencing court. *Id.* at 489-490 (finding that the sentencing court correctly held that it did not have jurisdiction to direct the BOP to award a

petitioner jail credit). "Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court." *Id.* at 490 (citing *United States v. Brown*, 753 F.2d 455 (5th Cir. 1987)).

Additionally, the federal habeas statute provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." *Rumsfeld v. Padilla*, 542 U.S. 426, 434, 124 S. Ct. 2711 (2004) (quoting 28 U.S.C. § 2241)). The Supreme Court of the United States has determined that, by default, "the proper respondent is the warden of the facility where the prisoner is being held." *Id.* at 435 (citing *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *Blango v. Thornburgh*, 942 F.2d 1487, 1491-1492 (10th Cir. 1991) (per curiam); *Brennan v. Cunningham*, 813 F.2d 1, 12 (1st Cir. 1987); *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986) (per curiam); *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 948 (2d Cir. 1976); *Sanders v. Bennett*, 148 F.2d 19, 20 (D.C. Cir. 1945); *Jones v. Biddle*, 131 F.2d 853, 854 (8th Cir. 1942)). Petitioner is serving his sentence in Terra Haute, Indiana. (ECF No. 40 at 4.) Thus, the proper venue for filing a § 2241 Motion is the United States District Court for the Southern District of Indiana.

### III. Petitioner's Motion for Attorney Representation is Moot

Finally, Petitioner Redd seeks attorney representation following his Rule 11(c)(1)(C) Plea Agreement and subsequent Judgment entered on November 9, 2016. (ECF No. 33.) Petitioner's Motion for Attorney Representation must be denied as moot because Petitioner Redd has "no constitutional right to counsel in habeas proceedings such as this case." *Hunter v. United States*, No. 1:09-CV-472-3-r, 2010 WL 70592 (citing *Crowe v. United States*, 175 F.2d 799, 801 (4th Cir. 1949), cert. denied., 338 U.S. 950, 70 S. Ct. 478 (1950) (explaining that the

13

Constitution provides prisoners the right to counsel at trial, but it does not provide prisoners the right to counsel when the prisoner makes a motion attacking the judgment entered). Petitioner has no constitutional right to counsel at this stage. Further, there is no need to appoint counsel for Petitioner because his two post-judgment motions are denied.

## CONCLUSION

For the reasons stated above, Petitioner Redd's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 32) is DENIED, Petitioner Redd's Motion for Attorney Representation (ECF No. 33) is DENIED AS MOOT, and Petitioner Redd's Motion Pursuant to Federal Rule of Criminal Procedure 36 (ECF No. 40) is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. See *Miller-El v. Cockrell*, 537 U.S. 322, 336-38, 123 S. Ct. 1029, (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). Because reasonable

jurists would not find Petitioner's claims in either Motion debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: June 20, 2019.

*Richard D. Bennett* (signature)
Richard D. Bennett
United States District Judge